UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-110-DLB-CJS

EUGENE BAKER                                                                                    PETITIONER

vs.                                       **REPORT AND RECOMMENDATION**

JAMES DAVID GREEN, WARDEN                                              RESPONDENT

* * *  * * *  * * *  * * *

This matter is before the Court on Petitioner Eugene Baker's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with respect to a Kentucky state court conviction. (R. 1). The judgment of conviction that is the subject of the Petition arose in Jefferson Circuit Court, Jefferson County, Kentucky. (*See id.*); *see also Commonwealth v. Baker*, No. 12-CR-003691-001 (Jefferson Circuit Court, Jefferson County, Kentucky); *Baker v. Commonwealth*, 545 S.W.3d 267 (Ky. 2018).

Congress has authorized "a district court [to] transfer any civil action to any other district or division where it might have been brought," accounting "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under the Joint Local Rules for the U.S. District Courts for the Eastern and Western Districts of Kentucky, habeas petitions are transferred to the district and jury division covering the location where the underlying state criminal case was prosecuted. *See* LR 3.2(b) ("A . . . state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered."); LR 3.2(f) ("Any civil action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, parties, witnesses, or in the interest of justice.").

Jefferson County lies within the United States District Court for the Western District of Kentucky, *see* 28 U.S.C. § 97(b), and is assigned to the Louisville Division, *see* LR 3.1(b)(1). Therefore, the Louisville Division of the Western District of Kentucky is the more appropriate forum for Baker's Petition. *See, e.g.*, *Brown v. Adams*, No. 5:20-cv-448-DCR, 2020 WL 6937440, at *1 (E.D. Ky. Nov. 24, 2020) (location of witnesses and records in division in which the challenged judgment was entered made that division the more appropriate forum, citing 28 U.S.C. § 1404(a)).

Accordingly, **IT IS RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Louisville Division.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Recommended Disposition, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This 30th day of November, 2023.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\habeas petitions\2254 General\23-110-DLB Baker R&R transfer WDKY.docx